[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Stephan R. Frenkel and Steven K. Mueller, are architects who rendered services in connection with proposed renovations and additions at the home of the defendants, James C. Schroer and Nancy J. Schroer, on Riversville Road in Greenwich, pursuant to a written contract. This contract, which is dated April 4, 1996, provides that the plaintiffs would be entitled to compensation of 15% of the cost of construction based on competitive bids, plus $85 an hour for observation and administration. The plaintiffs are suing the defendants in two counts, breach of an express contract, and for the reasonable value of their services.
The plaintiffs received $2,500 as a retainer "to be deducted from the final billing," but they actually used this amount to compensate themselves at the conclusion of the design phase of the contract. At the end of August, 1996, the project received municipal approval, and, according to the contract, the next CT Page 3567 phase was preparation of construction drawings. The plaintiffs allege that they worked on such drawings during the following month, September, 1996.
On or about September 30, 1996, the defendants advised the plaintiffs over the telephone that Mr. Schroer had accepted a job with Ford, that they were selling their home in Greenwich and moving immediately to Michigan, and that the plaintiffs should cease further work on the subject premises. The defendants followed up this conversation with a letter dated October 1, 1996, to the same effect. The plaintiffs then sent a bill to the defendants for $10,061, representing work on the construction drawings during the month of September, 1996. The defendants have refused to pay this bill, claiming that they never authorized the plaintiffs to proceed with the construction drawings, that the bill is excessive, and that by using the retainer of $2,500 the plaintiffs had terminated the contract because such amount was to be a credit against the final invoice.
The plaintiffs have sustained their burden of proof that they are entitled to recover a money judgment from the defendants. The contract provided that if the plaintiffs' services were unilaterally terminated and the project was abandoned, "the architects shall be equitably compensated for services performed." The project was proceeding normally until the defendants canceled it for their own personal reasons. The defendants were satisfied with the plaintiffs' architectural services until they received the final invoice from the plaintiffs. At that time the defendants claimed that the plaintiffs were not authorized to work during September, 1996. The plaintiffs' evidence that the defendants, and particularly Mrs. Schroer, authorized them to proceed with the drawings was more credible than the evidence to the contrary. If the defendants had instructed the plaintiffs not to do anything during September, after the project had received municipal approval on September 3, 1996, why would they have sent written notice dated October 1, 1996 that the plaintiffs should cease work on the project?
The argument advanced by the defendants that once the plaintiffs used the $2,500 retainer, the contract was terminated, does not make sense. The architects continued work in September on the construction drawings after receipt of the $2,500, which was credited to the account of the defendants, at the request of the defendants and with their knowledge. Furthermore, the CT Page 3568 contract provided that the architectural documentation phase would begin as soon as the design part of the contract was completed.
In terms of the amount of judgment, the plaintiffs sent an invoice to the defendants for $10,061.25. This figure was comprised of $9,180 for the garage/canopy and $881.25 for the foot bridge. The plaintiffs claim that they completed 80% of the construction drawings for the garage/canopy and 25% of the drawings for the foot bridge. They then averaged estimates received from two builders for the total construction cost. Using a percentage of the construction cost, however, does not make sense under the circumstances because the final construction costs were never determined, and also because the estimates from the builders were too speculative.
The other manner of calculating damages is based on an implied contract or quantum meruit. The defendants claim that this is not permitted because there was an express written contract. This argument fails to consider that the parties themselves, in their written contract, expressly provided for the calculation of damages in the event of a unilateral repudiation of the contract by the defendants. The agreed upon formula was that the plaintiffs should be "equitably compensated."
The plaintiffs are entitled to compensation and the sum of $8,000 appears equitable a reasonable. The claim for payment on the basis of 156 hours of work during September on construction drawings seems excessive as, in large part, the drawings appear to be a reworking of the design drawings. In addition to the construction drawings, the court has considered that the plaintiffs conferred with the structural engineer for the project and other artisans as well.
The plaintiffs also claim interest pursuant to General Statutes § 37-3a for the wrongful detention of money after it becomes due. The plaintiffs' work was satisfactory, was performed pursuant to a written contract in a timely fashion, and was unilaterally terminated by the defendants for their own personal reasons. Thus, prejudgment interest is warranted under the circumstances. Interest on $8,000 at 10% per year from November 1, 1996, to the date of this judgment, amounts to $1,133.33.
The parties had agreed that when the sale of the subject premises took place, $14,000 would be held in escrow by the CT Page 3569 defendants' attorneys. Therefore, $8,000, plus interest of $1,133.33, a total of $9,133.33, should be paid to the plaintiffs through their attorneys, and the balance is released from escrow.
So Ordered.
Dated at Stamford, Connecticut, this 27th day of March, 1998.
William B. Lewis, Judge